IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

DARRYL TEARDIS BROWN, JR.,

    Plaintiff,

    v.

Case No. 25-cv-721-wmc

HEALTH CARE PROFESSIONAL
*John and Jane Doe 1-5*, et al.,

    Defendants.
_____

On September 8, 2025, plaintiff Darryl Teardis Brown, Jr. filed a motion for leave to proceed without prepaying the filing fee for this case. Based on the average monthly deposits into his inmate trust account, I ordered plaintiff to make an initial partial payment of the filing fee in the amount of $5.10 by September 30, 2025. Dkt. 8. Now plaintiff moves to waive the initial partial payment, explaining that he is indigent, and that prison officials have denied his request to use release account funds to make the payment. Dkt. 10. In support of his motion, plaintiff has submitted a copy of correspondence with staff at Waupun Correctional Institution that contains a response from prison officials to his request to use release account funds: "Not a valid use of release account per DOC Policy 309.45.02." Dkt. 10-1.

    Even when a prisoner qualifies for indigent status, the prisoner must pay a portion of the filing fee pursuant to 28 U.S.C. § 1915(b)(1), which says, "The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of — (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal."

1

The account statement that plaintiff submitted shows that he receives regular deposits into his account. Thus, he is required to make an initial partial payment. However, contrary to the response that plaintiff received from prison officials, plaintiff *may* use release account funds to make the payment. *See Carter v. Bennett*, 399 F. Supp. 2d 936, 937 (W.D. Wis. 2005). Moreover, Wisconsin DOC Policy 309.45.02 expressly permits the use of release account funds to pay federal court filing fees. In the "Definitions" section of the policy, "PLRA" is defined as "Prison Litigation Reform Act - Fees which are required by State or Federal PLRA **to be payable from release accounts**."

Prison officials should first draw funds from plaintiff's regular inmate account, up to the full amount of the initial partial payment. If any portion of the initial partial payment remains after funds in his regular account have been exhausted, then prison officials must allow plaintiff to withdraw funds from his release account to pay the remainder of the initial partial payment.

ORDER

IT IS ORDERED that:

1. Plaintiff Darryl Teardis Brown, Jr.'s motion to waive the initial partial filing fee of $5.10 is DENIED without prejudice. Plaintiff may have until October 23, 2025, to make the payment. This payment is to be given priority over other institutional debts and obligations that plaintiff might owe. Plaintiff should present a copy of this order to the business office at Waupun Correctional Institution.

2. If plaintiff fails to make the payment by October 23, 2025, or fails to show cause why the payment could not be made, then I will assume that plaintiff wishes to withdraw this action voluntarily and the case will be dismissed without prejudice under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. If plaintiff submits the initial partial payment within

30 days of dismissal, then the case will be reopened. The court will not reopen the case after 30 days unless plaintiff shows that he is entitled to relief under Fed. R. Civ. P. 60(b).

3. No further action will be taken in this case until the clerk's office receives plaintiff's initial partial payment and the court has screened his proposed amended complaint under 28 U.S.C. § 1915(e)(2). Once the screening is complete, a separate order will be issued.

Entered this 23rd day of September, 2025.

BY THE COURT:

    /s/
ANDREW R. WISEMAN
U.S. Magistrate Judge